**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | |
|---|---|
| TINA MARIE BEATTY,<br><br>Plaintiff,<br><br>v.<br><br>EAGLE FINANCIAL SERVICES, INC.,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 4:17-cv-00019<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT**

NOW comes TINA MARIE BEATTY ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining as to the conduct of EAGLE FINANCIAL SERVICES, INC. ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 for Defendant's unlawful practices.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4. Plaintiff is a 50 year old natural person residing at 706 Dellinger Drive, Jeffersonville, Indiana, which falls within the Southern District of Indiana.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a consumer finance and loan company. With its principal place of business located at 7791 Dixie Highway, Suite B, Florence, Kentucky, Defendant regularly conducts business with consumers in Indiana.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. In 2015, Plaintiff entered into an obligation for a personal loan with Defendant. *See* attached Exhibit A for a true and correct copy of an affidavit signed by Plaintiff.

10. In October 2016, Plaintiff lost her job and experienced financial hardship, so she contacted Defendant to work out a modified payment plan, but it refused to work with her. *See* Exhibit A.

11. Shortly thereafter, Plaintiff fell behind on her scheduled payments to Defendant and it began calling her cellular phone, (812) XXX-5329. *Id.*

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner and operator of the cellular phone ending in 5329. Plaintiff is and has always been financially responsible for the cellular phone and its services.

13. The phone number that Defendant most often uses to call Plaintiff's cellular phone is (812) 258-9700, but upon belief, it has used other phone numbers as well. *Id.*

14. Upon information and belief, the phone number ending in 9700 is regularly used by Defendant during its collection activities in Indiana.

15. When Plaintiff answers calls from Defendant, she experiences a pre-recorded message before being connected with a live representative. *Id.*

16. Lacking the ability to pay Defendant, Plaintiff informed it of her situation and demanded that it stop calling her. *Id.*

17. Despite her requests, Defendant has continued to call her up until the present day. *Id.*

18. Defendant calls Plaintiff's cellular phone multiple times during the same day, with calls often coming in within minutes of one another. *Id.*

19. Plaintiff has received not less than 25 calls from Defendant since asking it to stop calling. *Id.*

20. Concerned with Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

21. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $42.00 to purchase and maintain an application subscription on her cellular phone to block the calls, resulting in pecuniary loss. *Id.*

22. Plaintiff has experienced financial loss as a result of Defendant's conduct.

23. Plaintiff has been unfairly harassed by Defendant's actions.

24. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

**COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

27. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The pre-recorded message that Plaintiff experienced during answered calls before being connected to a live representative of Defendant is instructive that an ATDS was being used. Similarly, the frequency and nature of Defendant's contacts strongly suggests that a predictive dialing ATDS was being used to generate them.

28. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent. Although Plaintiff attempted to work out a modified payment plan with Defendant, after its refusal to work with her, she demanded that it stop contacting her. Even if Plaintiff *may* have initially consented to receive collection calls from Defendant through means of an ATDS, such permission was explicitly revoked by her demands to cease contact.

29. The calls placed by Defendant to Plaintiff were regarding collection and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

30. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant willfully acted in defiance of a long string of demands by Plaintiff to cease its conduct.

WHEREFORE, Plaintiff, TINA MARIE BEATTY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

31. Plaintiff repeats and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Defendant violated I.C. 24-5-0.5-3 (a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic collection efforts towards Plaintiff.

33. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An

> act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).
>
> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

34. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

35. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

36. Defendant's collection calls to Plaintiff were "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

37. Defendant engaged in unfair, abusive and deceptive behavior in its transactions with Plaintiff. Through systematic and frequent collection attempts, Defendant has used an ATDS to relentlessly contact Plaintiff. Defendant was also specifically notified by Plaintiff that she was not able to make payments and to cease calling. Defendant consciously ignored Plaintiff's prompts in an abusive attempt to collect payment from her.

38. In violating the TCPA, Defendant engaged in illegal behavior during its collection efforts towards Plaintiff. Defendant intended that Plaintiff rely on its illegal behavior. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

39. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

40. Defendant's conduct is part of a purposeful and systematic scheme to illegally collect upon unsophisticated consumers who may not be aware of their rights. Defendant's conduct is an incurable deceptive act of which notice would not remedy. Through fraudulent conduct, Defendant represented that it had the legal ability to contact Plaintiff via an ATDS.

41. Although unsuccessful, Plaintiff made attempts to correct Defendant's incurable deceptive acts by notifying it that she no longer wished to be contacted. However, Defendant's conduct is an incurable deceptive act of which notice would not remedy. The fact that Plaintiff provided multiple notices to Defendant to stop calling her, and refused to abide by said notices, further highlights that its behavior is incurable.

42. Defendant's conduct is also part of a systematic scheme to fraudulently contact consumers in Indiana. Upon information and belief, Defendant conducts the same type of behavior on a wide and frequent basis, which goes against the state's goal of preventing the phone from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious.

43. In addition to inhibiting Plaintiff's time and energy, as pled in paragraphs 19 through 24, Plaintiff has suffered numerous damages as a result of Defendant's unlawful collection practices. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, TINA MARIE BEATTY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 31, 2017

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com